# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40095
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE MICHEL MATAMOROS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-1001-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rene Michel Matamoros appeals his jury conviction of possession with intent to distribute 458.61 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He argues that insufficient evidence supports the jury's determination that he had knowledge that over 458 kilograms of marijuana was hidden in the trailer he hauled. Matamoros also argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court abused its discretion by admitting evidence of four prior checkpoint crossings where his tractor hauled an empty trailer.

To establish possession with intent to distribute a controlled substance, the Government must establish proof of (1) possession, (2) knowledge, and (3) intent to distribute. *See United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009). "This court reviews the record to determine whether, considering the evidence and all reasonable inferences in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014). The Government may prove its case through direct or circumstantial evidence, and "the jury is free to choose among reasonable constructions of the evidence." *United States v. Mitchell,* 484 F.3d 762, 768 (5th Cir. 2007). Appellate review of the sufficiency of the evidence following a criminal conviction is "highly deferential to the verdict." *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002). Because Matamoros preserved his sufficiency challenge by filing a motion for acquittal at the close of the prosecution's case and no further evidence was presented, this court conducts a de novo review of the evidence. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014).

Trial evidence established that when Matamoros attempted to drive his tractor through the Border Patrol checkpoint in Sarita, Texas, law enforcement officials discovered that he was hauling a trailer that contained over 458 kilograms of marijuana in a hidden compartment. Although more than control is needed in secret compartment cases, Matamoros's control of the trailer containing contraband is one factor that may be considered as circumstantial evidence of guilt. *See United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 361 (5th Cir. 2010); *United States v. Miller*, 146 F.3d 274, 281 (5th Cir. 1998). The

considerable street value of the 458.61 kilograms of marijuana, worth approximately $202,000 at the checkpoint and potentially $800,000 as the marijuana was transported further into the U.S., also supports a finding of knowledge. *See United States v. Vasquez*, 677 F.3d 685, 695 (5th Cir. 2012).

Additionally, inconsistent statements that Matamoros gave to law enforcement officials are evidence of guilty knowledge. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Further suspicion was cast upon Matamoros's status as a legitimate trucker by testimony establishing that two bills of lading that were discovered in his tractor contained information that could not be verified by law enforcement officials. Moreover, DEA Agent Palm was unable to locate the registered owners of two trailers that Matamoros drove through the checkpoint, including the trailer that he was hauling in the instant offense. Other suspicious circumstances include the frequency with which Matamoros flew from Florida to South Texas and then transported an empty trailer through the checkpoint. DEA Agent Palm testified that these five checkpoint crossings with an empty trailer, which includes the instant offense, did not make economic sense for a commercial trucker. In light of the foregoing evidence, a rational trier of fact could have found that Matamoros had knowledge of the marijuana. *See Vargas-Ocampo*, 747 F.3d at 303; *Vasquez*, 677 F.3d at 694-95; *Miller*, 146 F.3d at 280-81.

Regarding Matamoros's challenge to the district court's admission of evidence of prior border crossings, "[t]his court applies a highly deferential standard in reviewing a district court's evidentiary rulings, reversing only for abuse of discretion." *United States v. Booker*, 334 F.3d 406, 411 (5th Cir. 2003). Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with

the character." FED. R. EVID. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2); *see United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc) (setting forth a two-part test for analyzing Rule 404(b) evidence, which includes, first, analyzing relevancy and, second, whether probative value is not outweighed by prejudice).

After his arrest, Matamoros stated to DEA Agent Palm that only he drove and had access to the tractor. Additionally, DEA Agent Palm testified that it was unusual for a commercial trucker to haul an empty trailer. Thus, the evidence of prior border crossings by Matamoros in his tractor, while towing an empty trailer, is relevant to establish that Matamoros consistently engaged in a pattern of suspicious activity. The evidence is also relevant to discredit Matamoros's explanation for hauling an empty trailer when he was apprehended for the instant offense. Accordingly, the evidence was relevant to issues other than the defendant's character. *See* Rule 404(b)(1); *Beechum*, 582 F.2d at 911. Additionally, the probative value of the other acts evidence was augmented in this case due to the lack of direct evidence establishing knowledge. *See Beechum*, 582 F.2d at 915. Moreover, the prior acts were similar to Matamoros's actions in the instant offense, and the prior crossings were recent in time to the instant offense. *See id.* Finally, the district court issued an adequate limiting instruction to the jury regarding consideration of other acts evidence. *See Booker*, 334 F.3d at 411. Thus, the district court did not abuse its discretion in admitting evidence of prior border crossings. *See id.; Beechum*, 582 F.2d at 911.

AFFIRMED.